IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LORENA DONOSO,<br><br>Plaintiff,<br><br>v.<br><br>HIGHLAND HAIR ACADEMY, LLC d/b/a PAUL MITCHELL THE SCHOOL SALT LAKE CITY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-cv-314-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff Lorena Donoso sues her former employer, Defendant Highland Hair Academy, LLC, doing business as Paul Mitchell the School Salt Lake City, alleging claims under Title VII and the Americans with Disabilities Act. Paul Mitchell moves to dismiss and Ms. Donoso moves to substitute her bankruptcy trustee as the real party in interest to this action. The court grants Paul Mitchell's motion and denies Ms. Donoso's motion.

I.

Ms. Donoso makes the following allegations in her complaint. She began working for Paul Mitchell in May 2019 as a "Cosmetology/Barbering Instructor." Dkt. No. 4 at 3 ¶ 9. At that time, she had been diagnosed with post-traumatic stress disorder, *see id.* at 3 ¶ 11, and she disclosed her diagnosis to her supervisors at Paul Mitchell and to Paul Mitchell's "ADA Compliance Coordinator," *id.* at 3 ¶ 13. One of her male co-workers at Paul Mitchell frequently harassed her and triggered her PTSD. *See id.* at 4 ¶¶ 15–19. She reported this harassment to the ADA Compliance Coordinator "on at least four occasions." *Id.* at 4 ¶ 20.

Ms. Donoso further alleges that on February 6, 2020, the same male co-worker interrupted one of her classes and told her students that she was "teaching incorrectly." *Id.* at 5 ¶ 22. This interruption triggered her PTSD, and she became upset and responded "loudly" to her

co-worker. *Id.* Ms. Donoso met with the ADA Compliance Coordinator the following day and explained that the co-worker's interruption had triggered her PTSD. *See id.* at 5–6 ¶ 24. Later that evening, the Coordinator telephoned Ms. Donoso and terminated her employment "because she could not guarantee that she would be able to control her PTSD." *Id.* at 6 ¶ 26.

In December 2020, Ms. Donoso filed a charge of discrimination against Paul Mitchell with the Equal Employment Opportunity Commission. *See id.* at 2 ¶ 5. The EEOC issued a right-to-sue notice to Ms. Donoso in February 2023. *See id.* at 2 ¶ 6; *see id.* at 13–17. She then brought this action.

Paul Mitchell moves to dismiss Ms. Donoso's claims based on judicial estoppel. Paul Mitchell attaches to its motion a Chapter 7 bankruptcy petition, which Ms. Donoso filed in July 2021. This petition includes a "Schedule A/B," in which Ms. Donoso purported to list and value all her assets. *See* Dkt. No. 10 at 26–31. The Schedule A/B expressly required Ms. Donoso to disclose any "[c]laims against third parties, whether or not [she] ha[d] filed a lawsuit or made a demand for payment," specifically listing "employment disputes" as an example. *Id.* at 29. Although her charge of discrimination against Paul Mitchell was then pending before the EEOC, Ms. Donoso checked a box representing that she had no such claims, and she did not list her pending charge as an asset in her Schedule A/B or mention it anywhere else in her bankruptcy petition. *See id.* In August 2021, the bankruptcy trustee recommended a full "discharge[] without payment" of Ms. Donoso's debts, which amounted to $55,274.89 and included debt owed to Paul Mitchell. *Id.* at 71; *see also id.* at 36, 47. The bankruptcy court followed this recommendation, discharging Ms. Donoso's debts and closing her bankruptcy proceeding in October 2021. *See id.* at 71, 73–75. Paul Mitchell argues that because Ms. Donoso failed to disclose her claims against it in her bankruptcy proceeding, she is judicially estopped from pursuing them now.

In opposing the motion to dismiss, Ms. Donoso concedes that she did not disclose her pending EEOC charge in her bankruptcy petition. She also submits a sworn declaration, in which she represents that this "omission . . . was purely a product of misunderstanding and oversight and was not intentional or an attempt to conceal the claim from [her] creditors." Dkt. No. 11-1 at 3 ¶ 11.

After Paul Mitchell filed its motion to dismiss, Ms. Donoso moved to reopen her bankruptcy proceeding. *See* Dkt. No. 23-1 at 2. The bankruptcy court granted her motion, reopened the proceeding, and reappointed a bankruptcy trustee. *See* Order Granting Motion to Reopen Case, *In re Donoso*, No. 21-22980 (Bankr. D. Utah Feb. 16, 2024), ECF No. 18; Order Granting Motion for Order to Appoint a Chapter 7 Trustee, *In re Donoso*, No. 21-22980 (Bankr. D. Utah Mar. 1, 2024), ECF No. 22. Ms. Donoso now moves to substitute the trustee as the real party in interest to this action under Federal Rule of Civil Procedure 17(a)(3).

## II.

The doctrine of judicial estoppel "generally prevents a party from prevailing in one" legal proceeding "on an argument and then relying on a contradictory argument to prevail in another" proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (cleaned up). The Supreme Court has identified three factors that "inform the decision whether to apply the doctrine in a particular case." *Id.* at 750. "First, a party's [litigating] position must be clearly inconsistent with its earlier position." *Id.* (cleaned up). "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position . . . ." *Id.* Third, courts consider "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 751.

These three factors support the application of judicial estoppel here. Ms. Donoso's July 2021 representation to the bankruptcy court—that she did not have any claims for damages against third parties, including for employment disputes—is clearly inconsistent with her current pursuit of employment discrimination claims that were pending before the EEOC at the time of her bankruptcy proceeding. Further, Ms. Donoso persuaded the bankruptcy court to accept her earlier position, obtaining a full discharge without any accounting for the value of her claims against Paul Mitchell. Finally, allowing Ms. Donoso to pursue claims against Paul Mitchell after "receiv[ing] the benefit of [that] discharge" would "provid[e] [her] an unfair advantage over [her] creditors," including Paul Mitchell. *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1159–60 (10th Cir. 2007).

Indeed, the Tenth Circuit routinely affirms applications of judicial estoppel against plaintiffs like Ms. Donoso, who attempt to pursue claims that they did not disclose in their bankruptcy proceedings. *See id.* at 1160; *Saili v. Waste Mgmt. of Kansas, Inc.*, No. 22-3268, 2023 WL 6058710, at *2–4 (10th Cir. Sept. 18, 2023) (unpublished); *Ordonez v. Canyons Sch. Dist.*, 788 F. App'x 613, 616–18 (10th Cir. 2019) (unpublished); *Anderson v. Seven Falls Co.*, 696 F. App'x 341, 344–48 (10th Cir. 2017) (unpublished); *Queen v. TA Operating, LLC*, 734 F.3d 1081, 1087–95 (10th Cir. 2013).

Ms. Donoso raises several arguments in an attempt to avoid the force of these precedents. *First*, she invokes language from the Supreme Court recognizing "that it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." *New Hampshire*, 532 U.S. at 753 (cleaned up). Based on her representation in her declaration that her "omission of the EEOC Charge in [her] bankruptcy petition was purely a product of misunderstanding and oversight and was not intentional or an attempt to conceal the

4

claim from [her] creditors," Dkt. No. 11-1 at 3 ¶ 11, she argues that her omission should be excused as an inadvertent mistake.

But as the Tenth Circuit has explained, courts "have not been overly receptive to debtors' attempts to recover on claims about which they 'inadvertently or mistakenly' forgot to inform the bankruptcy court." *Eastman*, 493 F.3d at 1157. "Instead, courts addressing a debtor's failure to satisfy the legal duty of full disclosure to the bankruptcy court have deemed such failure inadvertent or mistaken 'only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'" *Id.* (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)).

Ms. Donoso does not represent that she lacked knowledge of her claims when she failed to disclose them. Nor would such a representation be plausible, given that she filed a charge of discrimination raising these claims with the EEOC just seven months earlier and the charge remained pending at the time she filed her bankruptcy petition.[1]

Ms. Donoso likewise does not contend that she lacked a motive to conceal the claims. And the court would not accept such a contention in all events. For as the Tenth Circuit has recognized, "[t]he ever present motive to conceal legal claims and reap the financial rewards undoubtedly is why so many of the cases applying judicial estoppel involve debtors-turned-plaintiffs who have failed to disclose such claims in bankruptcy." *Id.* at 1159. Regardless of her

---

[1] To be sure, Ms. Donoso represents that she "did not understand the [EEOC] Charge to constitute a 'claim' asset that might require disclosure in bankruptcy." Dkt. No. 11-1 at 3 ¶ 9. But regardless of her personal understanding of bankruptcy law, she does not deny that she knew the discrimination claims existed when she filed for bankruptcy. It follows that Ms. Donoso had "knowledge of the claims" when she failed to disclose them. *Eastman*, 493 F.3d at 1157. Indeed, courts have repeatedly rejected the excuse Ms. Donoso raises here. *See, e.g., id*. at 1159; *Coastal Plains*, 179 F.3d at 212 (dismissing as "not relevant" a CEO's "claimed lack of awareness of [his company's] statutory disclosure duty for its claims against" the defendant); *Chandler v. Samford Univ.*, 35 F. Supp. 2d 861, 865 (N.D. Ala. 1999) ("Research reveals no case in which a court accepted such an excuse for a party's failure to comply with the requirement of full disclosure").

5

declaration, because Ms. Donoso had "both knowledge of the claims and a motive to conceal them," the court may properly "infer" that her failure to disclose the claims was the product of "deliberate manipulation," not inadvertence. *Id.* at 1157.

*Second*, Ms. Donoso contends that the court should not grant a motion to dismiss based on judicial estoppel because she lacks "the opportunity to introduce facts and evidence outside of the pleadings, and outside of the limited documents appearing in the bankruptcy record." Dkt. No. 11 at 6–7.

But multiple district courts in the Tenth Circuit have granted motions to dismiss based on judicial estoppel in cases just like this one. *See, e.g.*, *Reese v. HomeAdvisor, Inc.*, No. 2:20-cv-2566, 2021 WL 3129447, at *4–8 (D. Kan. July 23, 2021); *Lane v. Prudential Ins. Co.*, No. 2:17-cv-998, 2018 WL 1135550, at *2–4 (D. Utah Feb. 28, 2018); *Strong v. Yellow Transp., Inc.*, No. 09-cv-61, 2009 WL 1655028, at *1–3 (D. Colo. June 12, 2008). These courts concluded that dismissal was proper based on "the complaint," "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Lane*, 2018 WL 1135550, at *2 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also Reese*, 2021 WL 3129447, at *3; *Strong*, 2009 WL 1655028, at *2. And the Fifth Circuit has held that "[w]here the defense" of judicial estoppel "appears on the face of the pleadings and in judicially noticeable facts, it may be considered in a motion to dismiss." *United States ex rel. Long v. GSDMIdea City, LLC*, 798 F.3d 265, 275 (5th Cir. 2015).

In deciding Paul Mitchell's motion to dismiss, the court relies only on Ms. Donoso's complaint, which alleges the relevant facts relating to her EEOC charge, *see* Dkt. No. 4 at 2 ¶ 5, and documents of which it may take judicial notice. Under Tenth Circuit precedent, courts may "take judicial notice of publicly filed records in . . . other courts concerning matters that bear

directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007). The court thus may take notice of Ms. Donoso's public filings in the bankruptcy court.[2] To be sure, the court may consider those filings only "to show their contents, not to prove the truth of matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (cleaned up). But here it is the content of those filings—and in particular the absence of any mention of Ms. Donoso's claims against Paul Mitchell—that supports application of judicial estoppel.[3]

*Finally*, Ms. Donoso argues that it would be inequitable for the court to apply judicial estoppel here because it would harm her creditors, who were not responsible for her failure to disclose her claims and might otherwise share in her recovery. She also cautions that Paul Mitchell would receive "a windfall" if the action were dismissed because the value of her recovery "could potentially . . . far exceed[] the amount discharged in [her] bankruptcy." Dkt. No. 11 at 9. Further, after Paul Mitchell filed its motion, Ms. Donoso successfully moved to

---

[2] Because the court draws the facts relating to Ms. Donoso's EEOC charge from the complaint rather than from documents submitted by the parties, the court need not take judicial notice of the charge. But there can be no question that the contents of administrative records such as filings with the EEOC are also subject to judicial notice. *See, e.g.*, *Villarreal v. Walmart, Inc.*, No. 19-cv-1722, 2021 WL 1022701, at *5 (D. Colo. Mar. 17, 2021); *Golden v. Management & Training Corp.*, 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018) (collecting cases).

[3] Ms. Donoso's declaration does not require the court to convert the motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 12(d). As explained, even were the court to consider the declaration, it could not find that Ms. Donoso's failure to disclose her claims against Paul Mitchell was inadvertent under Tenth Circuit precedent given her knowledge of the claims and her obvious motive to conceal. Accordingly, the court need not—and does not—rely on the declaration in deciding the motion to dismiss. And as the Tenth Circuit has explained, "the conversion process and notice requirement are not triggered by the mere presence of outside materials, but by the court's *reliance* on such materials—which are inapposite to a proper Rule 12(b)(6) disposition." *Christensen v. Big Horn Cnty. Bd. of Cnty. Comm'rs*, 374 F. App'x 821, 826 (10th Cir. 2010) (unpublished).

reopen her bankruptcy proceeding to allow prosecution of her claims against Paul Mitchell on behalf of the bankruptcy estate.

The Tenth Circuit has previously rejected an even more compelling version of essentially the same arguments, however. In *Eastman*, the plaintiff argued that because his "bankruptcy was reopened and his creditors were made whole once his omission became known," he should not be judicially estopped from pursuing his claims. 493 F.3d at 1160. But the Tenth Circuit deemed these facts "inconsequential" because "[a] discharge in bankruptcy is sufficient to establish a basis for judicial estoppel, even if the discharge is later vacated." *Id.* (cleaned up). As the Tenth Circuit explained, "[a]llowing [a plaintiff] to back up and benefit from the reopening of [her] bankruptcy only after [her] omission had been exposed would suggest that a debtor should consider disclosing potential assets only if [she] is caught concealing them," and would thus perversely "diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets." *Id.* (cleaned up).

In short, because "the doctrine of federal judicial estoppel is foremost designed to protect the federal judicial process," it covers Ms. Donoso's "unacceptable abuse of judicial proceedings" regardless of whether Paul Mitchell "may have a windfall" as a result. *Id.* at 1156, 1158 (cleaned up). (Though given that some of Ms. Donoso's discharged debts were owed to Paul Mitchell, the extent of any "windfall" may be less than Ms. Donoso acknowledges.)

### III.

Ms. Donoso also attempts to avoid dismissal by seeking to substitute the trustee of her bankruptcy estate as the real party in interest under Federal Rule of Civil Procedure 17(a)(3). *See* Dkt. No. 23 at 1–3. That Rule provides that:

> a court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for

>the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3). The court denies Ms. Donoso's motion to substitute for two independent reasons.

*First*, the Tenth Circuit has held that Rule 17(a)(3) permits substitution only if the original plaintiff's failure to name the real party in interest was an "honest mistake" as opposed to "deliberate tactical maneuvering." *Esposito v. United States*, 368 F.3d 1271, 1275–76 (10th Cir. 2004) (cleaned up).

Following the Tenth Circuit's guidance in *Eastman*, the court has already "inferr[ed]" that Ms. Donoso's failure to disclose her discrimination claims in her bankruptcy filings was "deliberate manipulation" because she had "both knowledge of the claims and a motive to conceal them." 493 F.3d at 1157. It follows that Ms. Donoso's failure to name the trustee as the real party in interest—which flowed from her failure to disclose her claims to the trustee in her bankruptcy filings—cannot properly be characterized as an "honest mistake" as opposed to the result of "deliberate tactical maneuvering." *Esposito*, 368 F.3d at 1276; *see also Hunt v. Academy Mortg. Corp.*, No. 2:17-cv-1028, 2018 WL 4643154, at *4 (D. Utah Sept. 27, 2018) (concluding that a plaintiff who failed to show inadvertence under *Eastman* could not show an honest mistake under *Esposito* and thus did not qualify for relief under Rule 17(a)(3)).

*Second*, even if Ms. Donoso's failure to name the trustee as the real party in interest when she brought suit could properly be characterized as an honest mistake, the Tenth Circuit has stated that "the *only* situation to which Rule 17 applies" is "an attempt to avoid dismissal for failure to name the real party in interest." *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1250 (10th Cir. 2017) (cleaned up; emphasis added). The Tenth Circuit thus

implied that Rule 17(a)(3) does not permit substitution if the defendant "didn't move to dismiss on that basis." *Id.*; *see also Česká Zbrojovka Defence SE v. Vista Outdoor, Inc.*, 79 F.4th 1255, 1260 (10th Cir. 2023). In this case, Paul Mitchell has not moved to "dismiss [this] action for failure to prosecute in the name of the real party in interest." Fed. R. Civ. P. 17(a)(3). Rather, it has moved to dismiss based on judicial estoppel. It follows that substitution under Rule 17(a)(3) is unavailable here.[4]

\* \* \*

For the foregoing reasons, Paul Mitchell's motion to dismiss is **GRANTED**, and Ms. Donoso's motion to substitute is **DENIED**.

**IT IS SO ORDERED**.

Dated this 28th day of March, 2025.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

---

[4] To be sure, Paul Mitchell stated in its brief opposing Ms. Donoso's motion that Ms. Donoso "is not a real party if [sic] interest" and that this "provides another basis, along with judicial estoppel, for dismissal." Dkt. No. 25 at 5. But Paul Mitchell never moved to dismiss on this basis, and a passing statement in an opposition brief does not a motion make. *See* DUCivR 7-1(a)(3).